# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re: Consumer Vehicle Driving Data Tracking Collection | CIVIL ACTION FILE No. 1:24-MD-3115-TWT |

## CASE MANAGEMENT ORDER NO. 1

On July 9, 2024, the Court conducted an initial status conference in this multidistrict litigation proceeding and based upon the agreement of counsel and the arguments presented, the Court enters Case Management Order No. 1 directing as follows:

1. Captions and filings. The parties shall file all documents on the master Docket, Case No.: 1:24-MD-3115-TWT. After the below-referenced Master Consolidated Complaint is filed, the Clerk is directed to administratively close each of the individual cases and is additionally directed to do so in all future individual cases filed going forward. No pleadings, motions, or other documents will be filed in any of the dockets that have been established for the individual cases that are part of this multidistrict litigation.

2. Separate Tracks for Defendants General Motors LLC ("GM") and OnStar, LLC ("OnStar"), and for Defendants LexisNexis Risk Solutions Inc. ("LNRS"), and Verisk Analytics, Inc. ("Verisk"). The putative class actions consolidated in this proceeding assert claims on behalf of consumers against

different types of defendants. One group, the OnStar Defendants, share the same sole

member, General Motors Holdings LLC, and the same counsel in this litigation.

Another group, Defendants LNRS and Verisk, are consumer reporting agencies.

Given that there may be unique issues relative to each group of Defendants,

including the potential for different legal claims against each group, the Court has

hereby created separate tracks for the OnStar and the LexisNexis/Verisk Defendants

to manage this multidistrict proceeding most efficiently. Recognizing that the

interest of one defendant in a track may not align with the interests of another

defendant, this Order does not require any defendant to concede or limit its rights to

defend itself in any way by being placed in a track with another defendant.  Nor does

this Order prevent the Court from creating an additional track if warranted, or

prevent any party from requesting an additional track.  Although the Court intends

to appoint separate leadership to represent plaintiffs against each track of

Defendants, all tracks shall be overseen by an overall lead counsel chosen by the

Court to act on behalf of all plaintiffs to avoid duplication of effort and ensure

efficiency of the prosecution of this action. Except where it is most cost effective

and efficient to do otherwise, the Court intends for the tracks to proceed on the same

discovery schedule and that plaintiffs' counsel appointed to lead the separate tracks

coordinate as closely as possible through the lead counsel overseeing both tracks.

Pleadings and motions should clearly demarcate whether the filing relates to "All Defendants," the "GM/OnStar Defendants," or "the LNRS/Verisk Defendants."

3.    Applications for Leadership Appointments. The court intends to appoint plaintiffs' lead or co-lead counsel to oversee the litigation; lead or co-lead counsel for the OnStar Track; lead or co-lead counsel for the LNRS/Verisk Track; a plaintiffs' steering committee for each track, and if warranted, plaintiffs' liaison counsel and a state-federal liaison counsel for each track. The court will only consider attorneys who have filed a civil action in this litigation.

   a.  Counsel interested in being considered for appointment to one of these positions shall file an application—either individually or jointly—with the Court by **JULY 19, 2024**, specifying the specific position(s) for which counsel seek appointment.

   b.  In addition to the criteria set forth in Rule 23(g), the main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Applicants are encouraged to submit proposed orders regarding the role of leadership counsel in the litigation as exhibits to the applications for leadership. Such orders should address the responsibilities and

authority of leadership in conducting pretrial activities, the proposed

methods for leadership counsel to communicate with non-leadership

counsel, and a method to ensure that the litigation is litigated as

efficiently as possible.

c.  Applications should be limited to five (5) double-space pages for

individuals and twenty-five (25) double-spaced pages for any proposed

slate of applicants. Any attached firm resumes should be limited to five

(5) pages for each firm. No replies will be permitted without further

order of the Court.

d.  The Court, at its discretion, may rule on the submitted papers or hold a

hearing on the applications.

4.      Within thirty days of the appointment of plaintiffs' leadership, all

parties are directed to meet and confer on the following topics: (1) the schedule for

the filing of the Master Consolidated Complaint; (2) the sequence and timing of

responsive pleadings to the Master Consolidated Complaint; (3) the timing and

content of a Proposed Discovery Plan and Scheduling Order addressing the topics

listed in the form of Appendix B of the Local Rules, and which shall also include a

suggested schedule under Rule 16(b) for joinder of parties, consideration of any class

action allegations, motions, and trial. The parties shall submit a proposed Case

Management Order reflecting the outcome of their discussions in those regards no

later than 2:00 p.m. ET seven business days before the next Case Management Conference, including competing Case Management Orders on any issues for which agreement was not reached.

5.    To the extent any Defendant seeks to compel arbitration, or makes a fact-based challenge to Article III standing, Plaintiffs reserve the right to seek an order to conduct limited discovery related to the motions and Defendants reserve their right to oppose such request. The Parties will meet and confer and report to the Court if necessary.

6.  Pending Proceedings

   a.  Pending and New Discovery. Pending further Order of the Court, all outstanding initial disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the allowance of certain discovery. Relief from this stay may be granted for good cause shown.

   b.  Motions. No motion shall be filed under Fed. R. Civ. P. 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

      c.  Orders of Transferor Courts. All orders by transferor courts imposing dates for pleading or discovery are vacated.

7.      Admission of Counsel. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.

8.      Electronic Service. All attorneys participating in these cases will be required to be registered with the Court's CM/ECF system. See www.gand.uscourts.gov/ecf-access-mdl-attorneys for detailed instructions on how to register.

9.      Status Conferences. The Court intends to schedule and hold status conferences approximately every six weeks. Counsel shall meet and confer in advance of each scheduled status conference and submit to the Court a proposed agenda for the status conference no later than 2:00 p.m. ET two (2) business days before the status conference a joint agenda briefly listing all matters to be considered globally and for each track, including identifying any topics that only certain parties wish to discuss if agreement amongst the parties is not reached on a specific matter. Lead or liaison plaintiffs' counsel shall propose a joint agenda for each track by 2:00 p.m. ET seven business days before the scheduled status conference.  Defendants within each track must provide any proposed edits by 2:00 p.m. ET four business

days before the status conference, with the relevant parties to thereafter meet and confer, if necessary.

10.    Joinder and Determination of Appropriate Parties. The parties shall immediately notify each other and the Court if they are aware of any necessary parties who have not been joined, any party that has been improperly joined, or any party that has been inaccurately named.

11.    Document Preservation. Consistent with the requirements of the Federal Rules of Civil Procedure, the parties are directed to take reasonable steps to preserve all documents in their possession, custody, or control relating to the claims and defenses in this action. Furthermore, to protect documents in the hands of third parties relevant to this action, the parties are directed to meet and confer within thirty (30) days after the Court appoints plaintiffs' leadership to identify potential third parties who may possess discoverable documents and to agree upon a procedure of notifying such third parties of the necessity of preserving their documents. In the absence of an agreement between the parties upon an appropriate procedure, the Court will consider a request for leave to serve document preservation subpoenas upon third parties who may have discoverable documents.

12.    Communications with Putative Class Members.  Within thirty (30) days after the order appointing lead counsel, the parties should begin conferring regarding whether proper management of this multidistrict litigation or the interests of putative

class members require the entry of an order limiting communications with putative class members. The parties must submit the report required by Local Rule 23.1(C)(2) within forty-five (45) days of the order appointing lead counsel.

13.    Settlement. The parties are expected to consider and discuss settlement on an ongoing basis.

14.    Later Filed Cases. The Parties agree that any new filings filed in this Court or transferred to this Court from the Judicial Panel on Multidistrict Litigation should be subject to the orders entered by this Court (including this Case Management Order). When any party becomes aware of a potential tag-along action pending in this District, they may file a notice of tag-along action on the docket of this MDL and on the docket of the potential tag-along action. Any party opposing transfer and consolidation of the potential tag-along action shall then have seven days in which to object to its inclusion in this MDL. If no objection is lodged, the action shall be consolidated herein after the seven-day objection period expires. If a party objects, the Court shall set a briefing schedule and determine whether transfer and consolidation are appropriate based on the parties' submissions.

15.    This Order and any further Case Management Orders issued in this action shall supersede the Court's Local Rules to the extent those Rules are inconsistent with such Orders.

IT IS SO ORDERED, this <u>10th</u> day of July, 2024.


Thomas W. Thrash, Jr.
Judge, United States District Court
Northern District of Georgia
Atlanta Division